**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000423
16-MAR-2015
07:47 AM**

NO. CAAP-12-0000423

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DONNA RAE STRATMAN, Plaintiff-Appellee, v.
HELEN CHRISTINA HICKMAN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 08-1-397)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Helen Christina Hickman (Hickman) appeals *pro se* from the Circuit Court of the Third Circuit's[1] (Circuit Court) March 21, 2012 Final Judgment. This case arises out of the action for, *inter alia*, partition and sale of property located in Pahoa, Hawai'i brought by Plaintiff-Appellee, Donna Rae Stratman.

On appeal, Hickman appears generally to argue that the Circuit Court erred in the manner in which the present lawsuit was handled.[2] After a careful review of the record, the

---

[1] The Honorable Glenn S. Hara presided.

[2] Hickman's Opening Brief does not conform to Hawai'i Rules of Appellate Procedure (HRAP) Rule 28 in that her "Statement of Error" section does not provide record quotations of the rulings, findings, or conclusions she intends to challenge, nor does she provide record citations for her objections to or preservation of the errors she claims. "Nonetheless, inasmuch as 'this court has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible,' we address the issues [raised] on the merits." Housing Fin. & Dev. Corp. v. Ferguson, 91 Hawai'i 81, 85-86, 979 P.2d 1107, 1111-12 (1999)

(continued...)

arguments made by the parties and the applicable authority, we reject Hickman's arguments and affirm.

1.    In her first argument, Hickman appears to argue that the Circuit Court adjudicated an unwritten contract, contrary to the Statute of Frauds, Hawaii Revised Statutes ch. 656.    However, as Hickman fails to identify to what unwritten agreement she refers[3] we conclude her argument is without merit.

2.    Hickman next appears to argue her due process rights under the Hawai'i State and United States Constitutions were violated by misrepresentation "effected by agents of the circuit court" and "inappropriate processing."    However, a careful review of Hickman's argument reveals that she has identified no specific findings of fact or conclusions of law that she claims are "fraught with mis-representation and outright lies" and in any event, she does not explain why she asserts they are in error.    Moreover, as Hickman has not made a transcript of the trial part of the record on appeal, we cannot meaningfully review her claim.    See Tradewinds Hotel, Inc. v. Cochran, 8 Haw. App. 256, 266, 799 P.2d 60 66-67 (1990), (disregarding the defendant's arguments that the lower court erred as to various motions and instructions because the defendant failed to provide a transcript of the proceedings below or satisfy the requirements of HRAP Rule 28); State v. Goers, 61 Haw. 198, 600 P.2d 1142 (1979), (trial court's findings left undisturbed because the appellant failed to provide a transcript of the proceedings).

---

[2](...continued)
(quoting Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995)).

Due in part to the brief's deficiencies, it is difficult to discern the nature of her claims.    Nevertheless, we will endeavor to ascertain and address the alleged errors Hickman presents in her brief.    We decline, however, to address "all other related errors of record not presented in this brief" as requested by Hickman.

[3]    Hickman also refers to "Rule 17 Id." in her argument, but does not specify to which set of rules she refers, nor does she explain how this rule applies.    Therefore, we disregard the same.

Similarly, we cannot review Hickman's claim that she presented evidence of misrepresentation at an October 7, 2011 proceeding as no transcript of that proceeding has been included in the record on appeal.

In addition, to the extent Hickman is asserting that the trial should have been postponed based on a report from her doctor faxed to the Circuit Court on the morning of trial, we conclude the claim is without merit. The record does not reveal a request of any kind, by Hickman or anyone else, to continue the trial.

Finally, notwithstanding her reliance on an affidavit she allegedly filed in the record, the lack of any argument establishing how even an unchallenged set of averments support her arguments, Hickman has failed in her burden of showing error. Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawai'i 277, 309 n.21, 172 P.3d 1021, 1053 n.21 (2007); Costa v. Sunn, 5 Haw. App. 419, 430, 697 P.2d 43, 50-51 (1985).

Therefore, the March 21, 2012 Final Judgment entered by the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 16, 2015.

On the briefs:

Helen Christina Hickman,
Defendant-Appellant, *pro se.*

Presiding Judge

Philip J. Leas,
W. Keoni Shultz, and
Lisa D. Ayabe,
(Cades Schutte),
for Plaintiff-Appellee.

Associate Judge

Associate Judge